DAVID L. ANDERSON (CABN 149604)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
KIMBERLY A. ROBINSON (DCBN 999022)
Assistant United States Attorney

    1301 Clay Street, Suite 340-S
    Oakland, California 94612
    TELEPHONE: (510) 637-3701
    FAX: (510) 637-3724
    EMAIL: kimberly.robinson3@usdoj.gov

Attorneys for Defendants
UNITED STATES DEPARTMENT OF THE INTERIOR ET AL.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BURNING MAN PROJECT,<br><br>   Plaintiff,<br><br> v.<br><br>U.S. DEPARTMENT OF THE INTERIOR ET AL.,<br><br>   Defendants. | CASE NO. 4:20-cv-02464-HSG<br><br>**DEFENDANTS' ANSWER** |

The above-captioned Defendants, by their attorneys, answer Plaintiff's Complaint (Dkt. 1) as follows:

**<u>NATURE OF THE ACTION</u>**

1. This paragraph contains Plaintiff's characterization of the nature of Plaintiff's action and the relief sought, to which no response is required. To the extent a response is required, Defendants deny Plaintiff's allegations and deny that Plaintiff is entitled to any relief.

2. This paragraph contains Plaintiff's characterization of the nature of Plaintiff's action and the relief sought, to which no response is required. To the extent a response is required, Defendants deny Plaintiff's allegations and deny that Plaintiff is entitled to any relief.

3. This paragraph contains Plaintiff's characterization of the nature of Plaintiff's action and the relief sought, to which no response is required. To the extent a response is required, Defendants deny Plaintiff's allegations and deny that Plaintiff is entitled to any relief.

## PARTIES

4. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and therefore deny the claims in this paragraph.

5. Admit.

6. Admit the first sentence of paragraph 6. The second sentence is a characterization of the Plaintiff's action to which no response is required. To the extent a response is required, Defendants deny that Deputy Director Vinall is a proper party to this action.

## JURISDICTION AND VENUE

7. Paragraph 7 constitutes conclusions of law as to jurisdiction to which no response is required. Defendants admit that jurisdiction is appropriate in this district.

8. Paragraph 8 constitutes conclusions of law as to jurisdiction to which no response is required. To the extent a response is required Defendants deny the Plaintiff is entitled to relief.

9. Admit.

## FACTUAL ALLEGATIONS

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore deny the claims in this paragraph.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore deny the claims in this paragraph.

DEFENDANTS' ANSWER
4:20-cv-02464-HSG

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore deny the claims in this paragraph.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 13 and therefore deny the claims in this sentence. The remainder of the paragraph is a description of a document known as the "Sit Sat Report." Defendants respectfully refer the Court to the Sit Stat Report for a full and accurate statement of its contents.

**Burning Man's Special Recreation Permit**

14. Admit.

15. Admit.

16. Admit the first sentence of paragraph 16. Defendants respectfully refer the Court to the BLM Recreation Permit and Fee Administration Handbook for a full and accurate statement of its contents.

17. Defendants respectfully refer the Court to Additional Stipulation No. 35 for a full and accurate statement of its contents. The penultimate sentence of paragraph 17 is a legal conclusion by the Plaintiff to which no response is required. Defendants admit the final sentence of paragraph 17.

18. Admit.

19. The Defendants lack the information to confirm or deny the allegations in paragraph 19.

20. Defendants admit that on March 4, 2020 Vinall informed the Plaintiff of responsive documents, but denies that the documents contained the Plaintiff's confidential commercial or financial information.

**Burning Man's Objection to Disclosure of the Subject Records**

21. Admit.

22. Defendants admit that the Plaintiff provided BLM with a statement related to the subject records, Defendants deny that it was detailed or otherwise supported the Plaintiff's contentions.

DEFENDANTS' ANSWER
4:20-cv-02464-HSG

23. This paragraph contains Plaintiff's legal argument, to which no response is required. To the extent a response is required, Defendants deny Plaintiff's allegations and deny that Plaintiff is entitled to any relief.

24. This paragraph contains Plaintiff's legal argument, to which no response is required. To the extent a response is required, Defendants deny Plaintiff's allegations and deny that Plaintiff is entitled to any relief.

25. The Defendants deny that they made any assurances that the records submitted by the Plaintiff would be kept confidential. Defendants admit that the subject records contain a confidentiality notice.

26. Defendants admit that they rejected the Plaintiff's arguments, but deny the Plaintiff's further characterizations in paragraph 26.

27. This paragraph contains Plaintiff's legal argument, to which no response is required. To the extent a response is required, Defendants deny Plaintiff's allegations and deny that Plaintiff is entitled to any relief.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT ("APA")

28. Paragraph 28 realleges the allegations in previous paragraphs of the Complaint, and Defendants reiterate their responses thereto.

29. This paragraph contains legal conclusions and Plaintiff's characterization of an APA provision to which no response is required. To the extent a response is required, the cited statutory provision speaks for itself.

30. The Defendant lacks the information to enable it to confirm or deny the allegations in paragraph 30.

DEFENDANTS' ANSWER
4:20-cv-02464-HSG

31. This paragraph contains legal conclusions and Plaintiff's characterization of a FOIA provision to which no response is required. To the extent a response is required, the cited statutory provision speaks for itself.

32. Deny.

33. Deny the first two sentences of paragraph 33. The final sentence of paragraph 33 consists of Plaintiff's request for relief that require no answer.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE APA

34. Paragraph 34 realleges the allegations in previous paragraphs of the Complaint, and Defendants reiterate their responses thereto.

35. This paragraph contains legal conclusions and Plaintiff's characterization of an APA provision to which no response is required. To the extent a response is required, the cited statutory provision speaks for itself.

36. Deny.

37. The Defendant lacks the information to enable it to confirm or deny the allegations in paragraph 37.

38. This paragraph contains legal conclusions and Plaintiff's characterization of an Trade Secrets Act provision to which no response is required. To the extent a response is required, the cited statutory provision speaks for itself.

39. This paragraph contains legal conclusions and Plaintiff's characterization of an Trade Secrets Act provision to which no response is required. To the extent a response is required, the cited statutory provision speaks for itself.

40. Deny the first two sentences of paragraph 40. The final sentence of paragraph 40 consists of Plaintiff's request for relief that require no answer.

## RELIEF REQUESTED

DEFENDANTS' ANSWER
4:20-cv-02464-HSG

The remaining paragraphs of the Complaint, numbered 1 – 4, consist of Plaintiff's request for relief that require no answer. To the extent that a response is required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### First Defense

The Complaint should be dismissed in whole or in part for failure to state a claim upon which relief can be granted.

### Second Defense

The information that Defendants intend to release in response to the subject FOIA Request is not exempt from public disclosure under the FOIA, Trade Secrets Act, or Privacy Act.

### Third Defense

Defendants have fully complied with their obligations under FOIA.

Defendants reserve the right to amend their answer with additional defenses of which they may become aware as the case progresses and to raise any other matter constituting an avoidance or affirmative defense.

WHEREFORE, having fully answered all counts of the complaint, Defendants pray that Plaintiff takes nothing by way of its complaint, that the same be dismissed with prejudice, and that judgment be awarded in favor of Defendants, together with costs and such other and further relief as the Court deems just and proper.

DATED: September 15, 2020                                Respectfully submitted,

                                                         DAVID L. ANDERSON
                                                         United States Attorney

                                                          /s/ Kimberly A. Robinson
                                                         KIMBERLY A. ROBINSON
                                                         Assistant United States Attorney
                                                         Attorneys for Defendants

DEFENDANTS' ANSWER
4:20-cv-02464-HSG