DAVID L. ANDERSON (CABN 149604)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
KIMBERLY A. ROBINSON (DCBN 999022)
Assistant United States Attorney

    1301 Clay Street, Suite 340-S
    Oakland, California 94612
    TELEPHONE: (510) 637-3701
    FAX: (510) 637-3724
    EMAIL: kimberly.robinson3@usdoj.gov

Attorneys for Defendants
UNITED STATES DEPARTMENT OF THE INTERIOR ET AL.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BURNING MAN PROJECT,<br><br>    Plaintiff,<br><br>  v.<br><br>U.S. DEPARTMENT OF THE INTERIOR ET AL.,<br><br>    Defendants. | CASE NO. 4:20-cv-02464-HSG<br><br>**INITIAL JOINT CASE MANGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>**Date: September 29, 2020**<br>**Time: 2 p.m.**<br>**Location: Telephonic**<br><br>**Hon. Haywood S. Gilliam, Jr.** |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the *Standing Order for All Judges of the Northern District of California* and Civil Local Rule 16-9.

1. **JURISDICTION & SERVICE**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the action arises under the laws of the United States, including the Administrative Procedure Act ("APA"), the Freedom of Information Act ("FOIA"), and the Trade Secrets Act. The Decision is a final agency action. Judicial review of a final agency action is authorized pursuant to the APA, 5 U.S.C. §§ 701-706. Plaintiff, Burning Man Project, also invokes this Court's authority to issue injunctive relief under Federal Rule of Civil Procedure 65. Venue is proper in this District Court pursuant to 28 U.S.C. § 1391(e).

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
4:20-cv-02464-HSG

The parties agree that there are no issues with respect to persona jurisdiction or venue.  Further, all parties have been served.

2. **FACTS**

Plaintiff has brought a reverse FOIA action under the APA against the United States Department of the Interior et al., ("Defendants"), after Defendants' alleged decision to disclose what Plaintiff contends are "certain confidential or financial information" that Plaintiff previously submitted to Defendant, Bureau of Land Management ("BLM").  Plaintiff contends that information Defendants seek to release falls within the scope of FOIA Exemption 4 (5 U.S.C. § 552(b)(4)), and that Defendants are not authorized by law to release such information.  Second, Plaintiff contends that the information BLM seeks to release is a trade secret within the meaning of the Trade Secrets Act (18 U.S.C. §1905), and BLM is prohibited by law from releasing such information.

3. **LEGAL ISSUES**

This case involves information that Plaintiff believes to be "confidential" within the meaning of FOIA Exemption 4, which shields from mandatory disclosure "commercial or financial information obtained from a person and privileged or confidential." 5 U.S.C. § 552(b)(4).  Defendants do not view the information that Plaintiff seeks to withhold as "confidential" within the meaning of the term set forth in *Food Marketing Institute v. Argus Leader Media*, 139 S. Ct. 2356 (2019).

4. **MOTIONS**

If the case does not settle, the parties anticipate cross-motions for summary judgment in accordance with the proposed schedule stated below, subject to Court approval.

5. **AMENDMENT OF PLEADINGS**

The parties do not anticipate any amendments to the pleadings.

6. **EVIDENCE PRESERVATION**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. They have also met and conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues

reasonably evident in this action.

7. **DISCLOSURES**

As this is an APA case, no initial disclosures are required pursuant to Federal Rule of Civil Procedure 26(a)(1)(B(i).

8. **DISCOVERY**

To date, there has been no discovery taken in this case. Defendants contend that discovery is inappropriate in this case, as judicial review of an agency action is limited to "the whole [administrative] record or those parts of it cited by the party." 5 U.S.C. § 706; *Fla. Power & Light Co. v. Lorio*, 470 U.S. 729, 743–44 (1985) ("The task of the reviewing court is to apply the appropriate APA standard of review to the agency decision based on the record the agency presents to the reviewing court."). Plaintiff contends that it does not intend to propound discovery at this time and will re-valuate its position after it reviews Defendants' administrative record.

9. **CLASS ACTIONS**

This is not a class action.

10. **RELATED CASES**

There are no related cases or proceedings pending before this Court or another judge in this district, or administrative body.

11. **RELIEF**

Plaintiff has requested the following relief:

A. That this Court enter judgment holding unlawful and setting aside the Decision of BLM and Vinall to release the Subject Records sought by the Skelton FOIA Request as being in excess of Defendants' statutory authority; without observance of procedures required by law; otherwise contrary to law; and arbitrary, capricious, and an abuse of discretion;

B. That this Court permanently enjoin BLM and Vinall from releasing or disclosing the Subject Records, or any portion thereof, in response to the Skelton FOIA Request or otherwise;

C. That this Court award Burning Man its costs and reasonable attorney's fees; and,

D. That this Court grant Burning Man such other and further relief, legal or equitable, which this Court deems just and proper.

Defendants do not believe that Plaintiff is entitled to any relief.

12. **SETTLEMENT AND ADR**

On September 21, 2020, and pursuant to Rule 3-5 of the ADR Local Rules, the parties met and conferred "to discuss the available ADR processes, to identify the process each believes will be most helpful to the parties' settlement efforts, to specify any formal or informal exchange of information needed before an ADR session, and to attempt to agree on an ADR process and a deadline for the ADR session." They concluded that ADR would be appropriate within the time frame set forth below. As the parties agree that a magistrate judge would be effective, the parties jointly request that this Court refer this matter to a magistrate judge.

13. **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

This case has been assigned to a district court judge.

14. **OTHER REFERENCES**

The parties agree that this case is not suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **NARROWING OF ISSUES**

The parties have been working for months to narrow the issues in this case but have reached an impasse. The parties agree that a settlement judge would be useful in this process.

16. **EXPEDITED TRIAL PROCEDURE**

This is not the type of case that can be handled under the Expedited Trial Procedure of General *Order No. 64 Attachment A.*

17. **SCHEDULING**

The parties agree that the Administrative Record will be lodged by October 2, 2020. The parties further agree that an initial ADR session should be completed by December 16, 2020, depending on the availability of the assigned magistrate judge. If the matter does not settle, the parties propose cross-motions for summary judgment on the following schedule, subject to this Court's approval:

| | |
|---|---|
| Plaintiff's Motion for Summary Judgment (25 pages) | January 29, 2021 |
| Defendants' Opposition and Cross-Motion for Summary Judgment (25 pages) | February 19, 2021 |
| Plaintiff's Reply and Opposition (15 pages) | March 12, 2021 |
| Defendants' Reply (15 pages) | March 26, 2021 |

18. **TRIAL**

If the parties are unable to settle the case, and the case is not resolved by dispositive motion, the parties agree that the matter will be tried to the Court and that they expect the trial to take 1 – 3 days.

19. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiff will file its Certification of Interested Entities or Persons prior to the September 29, 2021 Case Management Conference. Plaintiff reaffirms, pursuant to Civil L.R. 3-15, that except for Plaintiff, no other person, firm, partnership, corporation or other entity has: (i) a financial interest of any kind in the subject matter in controversy or in a party to the proceeding; or, (ii) any other interest that could be substantially affected by the outcome of the proceeding.

Defendants, who are all government entities, are not required to file a Certification of Interested Entities or Persons and have not done so. *See* L.R. 3-15(a).

20. **PROFESSIONAL CONDUCT**

The parties of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
4:20-cv-02464-HSG

21. **OTHER**

There are no other matters at this time that may facilitate the just, speedy, and inexpensive disposition of this matter.

Dated: September 22, 2020                             Respectfully submitted,

                                                                        DAVID L. ANDERSON
United States Attorney

*/s/ Kimberly A. Robinson*
KIMBERLY A. ROBINSON
Assistant United States Attorney

Dated: September 22, 2020                             LEVIN LAW FIRM

*/s/ David Levin*
David S. Levin
Attorneys for Plaintiff
Burning Man Project

    I, Kimberly Robinson, hereby attest that I have obtained the concurrence in the filing of this document from all parties.

*/s/ Kimberly A. Robinson*
KIMBERLY A. ROBINSON

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
4:20-cv-02464-HSG

CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

Dated: _____         _____
                                                        HON. HAYWOOD S. GILLIAM, JR.
                                                        United States District Court Judge