Bureau of Land Management
FOIA Coordinator
1340 Financial Blvd.
Reno, NV 89502
Phone: 775-861-6496
Fax: 775-861-6688

February 1, 2020

Re: Freedom of Information Act Request

FOIA Coordinator:

This is a request under the Freedom of Information Act. I request that a copy of the
following documents, or documents containing the following information, be provided to me:

The Burning Man Event Paid Participation Documentation report for 2019, Cost Recovery for
2019, Itemized Detailed Gross Revenue Report, also Ticket sales for 2019.
BLM Drug citations for 2019, Patients, Off-site Transports, Altered State, Influence of
Drugs/Alcohol, Combative Patients for 2019. BLM and BRC/Burning Man/Burning Man
Project After Action Report (AAR) for the 2019 Burning Man Event/Festival.

(

).

In order to help to determine my status to assess fees, you should know that I am
individual seeking information for personal, not commercial use. (To save time as before
proceed with the entitled 2 hours of search time and 100 photocopies (or an equivalent volume) and
below the $50 threshold processing costs.)

 Fee options:
 I request a waiver of all fees for this request. Disclosure of the requested information to me
is in the public interest because it is likely to contribute significantly to public understanding
of the operations or activities of the government and is not primarily in my commercial
interest.

                    I request that the information I seek be provided in electronic format,
by e-mail is fine.

I may be called at the telephone number listed below during to discuss my request, if
necessary or e-mailed at █████████

Sincerely,

David Skelton
████████
Lovelock, NV 89419
████████

BLM Office FOIA
WO-560



# United States Department of the Interior

BUREAU OF LAND MANAGEMENT
Nevada State Office
1340 Financial Boulevard
Reno, Nevada  89502-7147
http://www.blm.gov/nv

In Reply Refer To:
1278 (NV954)
EFTS No. BLM-2019-00349          **MAR 0 4 2020**

Via Certified Mail - # 91 7199 9991 7039 9487 2157- Return Receipt Requested

Raymond Allen
General Counsel
Burning Man Project
(b) (6)

Dear Raymond Allen:

This letter concerns a February 1, 2020 Freedom of Information Act (FOIA) submitted by David John Skelton to the Bureau of Land Management.  This FOIA request was assigned control number 2020-00349.  The request seeks:

> "The Burning Man Event Paid Participation Documentation report for 2019, Cost Recovery for 2019, Itemized Detailed Gross Revenue Report, also Ticket sales for 2019. BLM Drug citations for 2019, Patients, Off-site Transports, Altered State, Influence of Drugs/Alcohol, Combative Patients for 2019. BLM and BRC/Burning Man/Burning Man Project After Action Report (AAR) for the Burning Man Event/Festival."

It is possible that you have submitted information responsive to this request that may be protected under FOIA Exemption 4, which protects from disclosure "trade secrets and commercial or financial information obtained from a person [that is] privileged or confidential." *5 U.S.C. § 552(b)(4)*.  Accordingly, our FOIA regulations, *43 C.F.R. Part 2, Subpart F*, require us to provide you, as the submitter of the information, with written notice of the FOIA request and to seek your views on the disclosure of the information.

We have enclosed a USB drive that contains the request as well as a copy of the responsive records. If you wish to object to the release of this information, the regulations require you to provide a written statement setting forth the specific and detailed justification for withholding any portion of the information.  *43 C.F.R. § 2.30* to *§ 2.31(a)*.

*Please note that this is your chance to let us know why some of the information you submitted should be protected.  Please review the guidance below carefully and be very clear and specific about your concerns and rationales.  If you do not respond, we likely will have no choice but to release this information in full.*

Information may qualify for protection under Exemption 4 as a "trade secret" if it is information that is "a secret, commercially valuable plan, formula, process, or device that is used for the making, preparing, compounding, or processing of trade commodities and that can be said to be the end product of either innovation or substantial effort." *Public Citizen Health Research Group v. FDA*, 704 F.2d 1280, 1288 (D.C. Cir. 1983). This definition requires there be a direct relationship between the information at issue and the productive process. *See id.* Should you wish to object to the disclosure of any of the information in the records because it is a trade secret, your specific and detailed discussion must explain how *each category* of information the objections are related to qualifies for protection under Exemption 4 as a trade secret. The explanation must also identify a direct relationship between the information and the productive process.

Alternatively, information may qualify for protection under Exemption 4 if it commercial or financial information that is privileged or confidential. Should you wish to object to the disclosure of any of the information in the records because it is commercial or financial information that is privileged or confidential, your specific and detailed discussion must explain how *each category* of information the objections are related to qualifies for protection under Exemption 4 as commercial or financial information that is privileged or confidential.

In determining whether information is commercial or financial, the terms are given their "ordinary meanings." *Nat'l Ass'n of Home Builders v. Norton*, 309 F.3d 26, 38 (D.C. Cir. 2002). You therefore must provide a specific and detailed explanation of how the information relates to your commercial or financial interest and either the commercial/financial function the information serves or the commercial/financial nature of the information.

The Supreme Court has noted that "[a]t least where commercial or financial information is both customarily and actually treated as private by its owner and provided to the government under an assurance of privacy, the information is 'confidential' within the meaning of Exemption 4. *See Food Mktg. Inst. v. Argus Leader Media* 588 U.S. __ (2019). You therefore must certify and explain that the information you object to disclosing is confidential, you have not disclosed the information to the public, the information is not routinely available to the public from other sources, and you treat it as private. Finally, you must let us know whether you provided the information to the government under an express or implied assurance of privacy.

Please be aware that the FOIA requires that "any reasonably segregable portion of a record" must be released after appropriate application of one of the FOIA's nine exemptions. *See* 5 U.S.C. § 552(b) (discussion after exemptions). Where a record contains both exempt and nonexempt material, the bureau will generally separate and release the nonexempt information. *See 43 C.F.R. § 2.25*. You should be mindful of this segregability requirement in formulating any objections you may have to the disclosure of the records. Information that does not qualify as a trade secret or as confidential commercial or financial information will not qualify for Exemption 4 protection and will be released.

Should you wish to object to disclosure of any of the information at issue here, we must receive all of the information requested above **by no later than** March 18, 2020.

3

You may send the documentation via email to blm_nv_foia@blm.gov, fax at 775-861-6688, or mail to Tiffany Wilhelm, 1340 Financial Blvd., Reno, NV 89502. If you do not submit the requested detailed written statement on or before the deadline set above, we will presume that you do not object to the disclosure of the information in question and will proceed with processing the FOIA request accordingly. *See 43 C.F.R. § 2.30(b)*.

Also, please note that any comments you submit to us objecting to the disclosure of the records may themselves be subject to disclosure if the Department receives a FOIA request for them. If your comments contain commercial or financial information and a requester asks for the comments under FOIA, we will notify you and give you an opportunity to comment on the disclosure of such information.

Finally, please note that we are responsible for deciding what will be released or withheld. *See 43 C.F.R. § 2.28(f)*. However, if you object to the disclosure of information and we decide to release it over your objections, we will notify you before we release the records. *See 43 C.F.R. § 2.33*.

You may find the regulations at https://www.doi.gov/foia/news/guidance.

Should you have any questions, please contact Tiffany Wilhelm, BLM Nevada's FOIA Coordinator at (775) 861-6552, or via email at blm_nv_foia@blm.gov.

Sincerely,

Holly J. Vinall
Deputy State Director
Support Services

## Submitter Notification Letter

FOIA, BLM_NV <BLM_NV_FOIA@blm.gov>

Fri 3/6/2020 9:19 AM

**To:** (b) (6)

📎 1 attachments (2 MB)

Submitter_Notification_Final.pdf;

Raymond,

I am writing to let you know we received a FOIA request seeking information that you have submitted to the BLM that may be responsive to this request. A Submitter Notification Letter dated March 4, 2020 was sent to you via certified mail. The letter gave an objection deadline of March 18, 2020. Please see attachment.

Tiffany Wilhelm
FOIA/PA Coordinator
Bureau of Land Management
Nevada State Office
1340 Financial Blvd. Reno, NV  89502
Phone: 775-861-6552
FOIA Fax: 775-861-6730

# Burning Man Project

(b) (6)

Catalyst for creative culture in the world

IN REPLY REFER TO:
1278 (NV954)
EFTS No. BLM-2020-00349

**Via Federal Express (Tracking Number 770030785187) and Email (blm_nv_foia@blm.gov)**

March 16, 2020

Tiffany Wilhelm
BLM Nevada's FOIA Coordinator
Bureau of Land Management
1340 Financial Blvd.
Reno, NV 89502-7147

   **Re: Objection to FOIA Request by David John Skelton;**
   **Control No. 2020 - 00349; 1278 (NV954)**

Dear Ms. Wilhelm:

   This letter is in response to the letter to Burning Man Project ("BMP"), dated March 4, 2020, from Holly J. Vinall, Deputy State Director, Support Services, with reference to the FOIA control number listed above. Thank you for notice of the February 1, 2020 Freedom of Information Act ("FOIA") request by David John Skelton ("Skelton"), Control No. 2020 - 00349. BMP has reviewed the substance of Skelton's request and the potentially responsive records ("Records") that BLM has identified in response to Skelton's request.

   Please take notice that several Records contain commercial or financial information and are confidential under 5 U.S.C. § 552(b)(4) ("FOIA Exemption 4"). Therefore, BMP hereby objects to disclosure of the following Records.

   ➢ 02022020_BMP Gross Revenue Report (2 pages) ("**Revenue Report**")

   ➢ SIT STAT Reports (folder containing 13 Reports, 2 pagers per Report) ("**Sit Stat Reports**")

   Pursuant to 43 CFR § 2.23(e), BMP submits the following "detailed written statement" summarizing BMP's justification for withholding the subject Records from public disclosure.

   Chapter 6 of BLM's Recreation Permit and Fee Administration Handbook H-2930-1 (Rel. 2-300; 11/17/2014) (the "BLM Handbook") addresses BLM's "recordkeeping" and states, "Documents relating to the issuance and administration of SRPs and RUPs are official government records." (BLM Handbook p. 6-1.) As such, the documents are subject to the Privacy Act of 1974 (5 U.S.C. § 552a) generally, and to 43 CFR 2.56 specifically, which governs the Department of the Interior. Thus, BLM records related to BMP's SRP may be subject to public disclosure under FOIA.

FOIA, however, contains several exceptions that exclude certain categories of documents from public disclosure.  FOIA Exemption No. 4 protects proprietary business information from disclosure including documents containing "[t]rade secrets and commercial or financial information obtained from a person and privileged or confidential."  5 U.S.C.§ 552(b)(4).  FOIA Exemption 4 covers two categories of information: (1) trade secrets; and (2) commercial or financial information, so long as the information is either: a) privileged, or (b) confidential.

The U.S. Supreme Court recently stated the standard for whether a third-party private submitter's commercial and financial information is "confidential" and exempt from public disclosure pursuant to FOIA exemption 4.  In *Food Marketing Institute v. Argus Leader Media*, 588 U.S. ___, 139 S.Ct. 2356 (2019), the Court overruled previous circuit court decisions holding that the objecting party must show "substantial competitive injury" before FOIA exemption 4 applied.  (*Cf:  Frazee v. U.S. Forest Service,* 97 F.3d 367, 371 (9th Cir. 1996); *National Parks and Conservation Ass'n v. Morton*, 498 F.2d 765, 770 (D.C. Cir. 1974); *CG Micro v. Defense Logistics Agency*, 33 F. 3d 1109, 1112-13 (9th Cir. 1994).)  Instead, the Court applied a contemporaneous understanding of the term "confidential."  The Court held that FOIA Exemption 4 applied to information that the private submitter customarily and actually treated as private and that the government receiving party agreed, either expressly or impliedly, to keep private.

1.      **The Subject Records Contain Commercial or Financial Information.**

The Revenue Report details BMP's 2019 gross revenue by category and amount according to BMP's audited financial statements.  There can be no dispute that BMP's Revenue Report is archetypal financial information within the scope of FOIA Exemption 4.

Likewise, the Sit Stat reports are commercial records that BMP created and maintained for the operation of its 2019 Burning Man Event ("Event").  BMP developed its Sit Stat Reports to capture and communicate current operational details about the Event among BMP managers and a few government bodies.  The operational details and data points captured in each Sit Stat Report are commercial records about the core of BMP's Event business.  Thus, the Sit Stat Reports are commercial records according to FOIA exemption 4.

2.      **BMP's Commercial or Financial Records Are "Confidential" and Exempt from FOIA Disclosure Under the Recent *Food Marketing Institute* Decision.**

BMP hereby certifies that it does not disclose its Revenue Report or Sit Stat Reports to the public.  Likewise, the underlying information contained in a Revenue Report or a Sit Stat Report is not routinely available to the public from other sources.  BLM is the only federal or state agency that receives BMP's Revenue Report, and BLM requires the Revenue Report as a condition for issuing BMP a Special Recreation Permit for its Event.  BMP even restricts internal access to the Revenue and Sit Stat Reports to senior management and professional staff.  Thus, the submitting party in this case actually keeps the subject Records private.

BMP keeps its Revenue Report private since it contains a summary of BMP's most sensitive financial information.  The Revenue Report not only lists BMP's annual Event-related revenue, but it divides the revenue into categories corresponding revenue sources.  The "Ticket" revenue category is

even more granular.  Ticket revenue is divided into sub-categories according to ticket type and price. Public disclosure of the Revenue Report would reveal how many tickets BMP sold across each price category.  Thus, public disclosure of the Revenue Report is tantamount to public disclosure of BMP's entire pricing structure, which is one of BMP's most sensitive and private business details.

BMP acknowledges that, as a non-profit public charity, BMP prepares and publicizes its annual IRS Form 990 filing.  But unlike the Revenue Report at issue, Form 990 does not contain Event ticket revenue data and ticket pricing strategies, all of which appear on the face of the Revenue Report. BMP's Form 990 reports total revue from all sources including Event related revenue like ticket sales. But unlike the Revenue Report, the Form 990 does not contain information that would allow the general public to know how many Event tickets BMP sold and the price for each ticket.  Form 990 also does not quantify ancillary sources of Event-related revenue like vehicle passes and other transportation-related revenue.

Similarly, Sit Stat Reports are private operational documents that BMP keeps private.  Sit Stat Reports are BMP's primary daily operational document and report key data related to BMP's Event production.  The 2019 Sit Stat Reports at issue reflect years of business practices, innovations and improvements that are unique to BMP's Event.  The Sit Stat Reports contain data and processes that are commercially unique and valuable.  BMP restricts public access to the Sit Stat Reports and only shares them with BLM and local county law enforcement.

Finally, both the Revenue Report and the Sit State Reports are the types of documents that business and industry customarily keep secret.  American Airlines does not disclose its ticket pricing structure or daily operational logs and data points to a competitor like United Airlines.  Likewise, BMP does not make its Revenue and Sit Stat Reports available to competing event producers.

## 3.   BMP Produced the Subject Records Under at Least an Implied Assurance that BLM Would Maintain Their Confidentiality.

According to the Supreme Court's analysis in *Food Marketing Institute*, commercial and financial information maintain their confidential status when the private party was assured that the records would be kept private by the government.  The assurance of continued confidential treatment can be implied or inferred based on the circumstances.  *Food Marketing Institute*, 139 S.Ct. at 2363 ("Exemption 4 would protect information that a private individual wishes to keep confidential for his own purposes, but reveals to the government under the express or implied promise of confidentiality") (citations omitted) (emphasis added); *accord U.S. Dept. of Justice v. Landano,* 508 U.S. 165, 179 (1993) ("an implied assurance of confidentiality" may be inferred based on certain "generic circumstances").

Based on the totality of circumstances, BMP could reasonably infer from BLM's conduct that BLM would maintain the confidentiality of the subject Records.  In this case, BMP disclosed the subject Records to a small group of government actors and only to satisfy BLM's conditions on BMP's Permit.  In the case of the Revenue Report, BLM is the only federal or state government body to whom BMP produced the Record.  The overall "circumstances" under which the Records were produced gave BMP an assurance of confidentiality from BLM.

In addition, BMP took affirmative steps to confirm that the subject Records would be kept private. Both the Revenue Report and Sit Stat Reports contain a prominent, restrictive confidentiality legend as follows:

*Confidential Commercial/Financial Information for Permit Acquisition Use Only*
*Not for Distribution Outside of BLM*
*FOIA Exemption No. 4; 5 U.S.C. § 552(b)(4) and 43 CFR § 2.23(a)(1)*

BLM received the Records with BMP's restrictive legend and never informed BMP that the confidentiality restriction could be ignored.

By accepting the subject Records with a restrictive legend, including an express direction that the Record is "Not for Distribution Outside BLM," BLM gave BMP an assurance that the subject records would be kept private. At a minimum, BLM's acceptance of sensitive commercial and financial reports marked "Confidential" and not for public distribution gave BMP at least an implied assurance that BLM would maintain the confidentiality of the Records and the application of FOIA Exemption 4.

Finally, your letter asks BMP to address whether the Records can be "reasonably segregable" into exempt and non-exempt portions. They cannot. BMP has already narrowed its objection to only two categories of Records. The subject Records are each two-page Reports. All of the material on the two-page Reports is confidential commercial or financial information protected under FOIA Exemption 4. Therefore, BMP does not believe that the subject Records can be redacted or segregated into confidential and non-confidential documents.

Thank you again for the opportunity to assert BMP's objections to disclosure of BMP's Revenue Report and Sit Stat Reports in response to the February 1, 2020, Skelton FOIA request.

Sincerely,

Raymond Allen
General Counsel




# United States Department of the Interior

BUREAU OF LAND MANAGEMENT
Nevada State Office
1340 Financial Boulevard
Reno, Nevada  89502-7147
http://www.blm.gov/nv

In Reply Refer To:
1278 (NV954)
EFTS No. BLM-2020-00349

March 30, 2020

Via Electronic Mail

Raymond Allen
General Counsel
Burning Man Project
(b) (6) ███████████

Dear Raymond Allen:

This letter is in response to your March 16, 2020, letter objecting to the release of certain information in response to FOIA request BLM-2020-00349.  After reviewing your proposed redaction in full and the explanations provided, the Department intends to release all of the information you have proposed to be redacted because the information doesn't meet the definition in Exemption 4. It does not contain Commercial or Financial information nor is that information considered confidential, specifically the incidents and population information is typically released and has been made available to the public in previous years.

The USB drive contains our planned release to the requester.

*Please note that 10 workdays after delivery of this letter we will release the record in the attachment to the requester and, under 43 C.F.R. § 2.33(c), this letter serves as notice of this intention.*

Should you have any questions, please contact Tiffany Wilhelm, BLM Nevada's FOIA Coordinator at (775) 861-6552, or via email at blm_nv_foia@blm.gov.

Sincerely,

HOLLY
VINALL

Digitally signed by HOLLY
VINALL
Date: 2020.03.27
15:38:46 -07'00'

Holly J. Vinall
Deputy State Director
Support Services

INTERIOR REGIONS 8 & 10 • LOWER COLORADO BASIN & CALIFORNIA-GREAT BASIN
ARIZONA, CALIFORNIA, NEVADA, OREGON*
* PARTIAL

## Release over Objection

FOIA, BLM_NV <BLM_NV_FOIA@blm.gov>

Mon 3/30/2020 12:12 PM

**To:** (b) (6)

📎 1 attachments (46 KB)

ReleaseOverObjection_Final.pdf;

Please see attached regarding BLM FOIA-2020-00349.

The USB drive referenced in the letter has already been provided to you in our previous correspondence.

Tiffany Wilhelm
FOIA/PA Coordinator
Bureau of Land Management
Nevada State Office
1340 Financial Blvd. Reno, NV 89502
Phone: 775-861-6552
FOIA Fax: 775-861-6730