DAVID L. ANDERSON (CABN 149604)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
KIMBERLY A. ROBINSON (DCBN 999022)
Assistant United States Attorney

    1301 Clay Street, Suite 340-S
    Oakland, California 94612
    TELEPHONE: (510) 637-3701
    FAX: (510) 637-3724
    EMAIL: kimberly.robinson3@usdoj.gov

Attorneys for Defendants
UNITED STATES DEPARTMENT OF THE INTERIOR ET AL.

DAVID S. LEVIN (CABN 156336)

    Levin Law Firm
    405 Sherman Ave.
    Palo Alto, CA 94306
    TELEPHONE: (650) 858-8500
    FAX: (650) 858-8508
    EMAIL: david@levinlawfirm.com

Attorney for Plaintiff
BURNING MAN PROJECT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BURNING MAN PROJECT, | CASE NO. 4:20-cv-02464-HSG |
|     Plaintiff, | STIPULATION AND ORDER RE: SETTLEMENT AND DISMISSAL WITH PREJUDICE |
|   v. | |
| U.S. DEPARTMENT OF THE INTERIOR ET AL., | |
|     Defendants. | |

STIPULATION RE: SETTLEMENT AND DISMISSAL WITH PREJUDICE AND ORDER
4:20-cv-02464-HSG

1    Plaintiff Burning Man Project ("Plaintiff") and defendants the United States Department of the
2 Interior et al. ("Defendants") (together, the "Parties") hereby enter into this Stipulation and [Proposed]
3 Order Re: Settlement and Dismissal With Prejudice ("Stipulation"), as follows:
4    WHEREAS, on April 12, 2020, Plaintiff filed its complaint under the Administrative Procedure
5 Act ("APA") and the Freedom of Information Act ("FOIA");
6    WHEREAS, Plaintiff and Defendants wish to avoid any further litigation and controversy and
7 compromise fully any and all claims and issues related to the subject matter of this action;

## GENERAL AGREEMENTS OF THE PARTIES

9    NOW, THEREFORE, in consideration of the mutual promises contained in this Stipulation, and
10 other good and valuable consideration, receipt of which is hereby anticipated, the Parties agree as
11 follows:
12    1.    Upon the execution of this Stipulation, Plaintiff hereby releases and forever discharges
13 defendants, their successors, the United States of America, and any department, agency, or
14 establishment of the United States, and any officers, employees, agents, successors, or assigns of such
15 department, agency, or establishment, from any and all claims and causes of action that relate to Sit Stat
16 Reports as described in Complaint ¶ 20 and Gross Revenue Reports as described in Complaint ¶ 17 in
17 this litigation, including but not limited to all past, present, or future claims for attorneys' fees, costs, or
18 litigation expenses in connection with the above-captioned litigation.
19    2.    The provisions of California Civil Code Section 1542 are set forth below:
20    "A general release does not extend to claims which the creditor does not know or suspect
       to exist in his favor at the time of executing the release, which if known by him must
21     have materially affected his settlement with the debtor."
22    Plaintiff, having been apprised of the statutory language of Civil Code Section 1542 by its
23 attorneys, and fully understanding the same, nevertheless elects to waive the benefits of any and all
24 rights it may have pursuant to the provision of that statute and any similar provision of federal law.
25 Plaintiff understands that, if the facts concerning any liability under the APA, the FOIA related to the
26 subject matter of the complaint in this action, or liability for attorneys' fees, costs, or litigation expenses
27 are found hereafter to be other than or different than the facts now believed by it to be true, the
28

STIPULATION RE: SETTLEMENT AND DISMISSAL WITH PREJUDICE AND ORDER
4:20-cv-02464-HSG

Stipulation shall be and remain effective notwithstanding such material difference.

3. Execution of this Stipulation and its approval by the Court shall constitute dismissal of this case with prejudice pursuant to Fed. R. Civ. P. 41(a).

4. The Parties acknowledge that this Stipulation is entered into solely for the purpose of settling and compromising any remaining claims in this action without further litigation, and it shall not be construed as evidence or as an admission on the part of Defendants, the United States, its agents, servants, components, or employees regarding any issue of law or fact, or regarding the truth or validity of any allegation or claim raised in this action, or as evidence or as an admission by the Defendants regarding Plaintiff's eligibility for or entitlement to attorneys' fees, costs, or other litigation expenses under FOIA and/or the APA.  This Stipulation is entered into by the Parties for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation. This Stipulation shall not be used in any manner to establish liability for fees or costs in any other case or proceeding involving Defendants.

5. This Stipulation is binding upon and inures to the benefit of the Parties hereto and their respective successors and assigns.

6. If any provision of this Stipulation shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

7. This Stipulation shall constitute the entire agreement between the Parties, and it is expressly understood and agreed that this Stipulation has been freely and voluntarily entered into by the Parties hereto.  The Parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Stipulation.

8. The persons signing this Stipulation warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the Stipulation.

9. This Stipulation may not be altered, modified or otherwise changed in any respect except in writing, duly executed by all of the Parties or their authorized representatives.

STIPULATION RE: SETTLEMENT AND DISMISSAL WITH PREJUDICE AND ORDER
4:20-cv-02464-HSG

10. The Stipulation may be executed in counterparts and is effective on the date by which both Parties have executed the Stipulation.

### SPECIFIC AGREEMENTS OF THE PARTIES

**Sit Stat Report**

11. The Parties agree that with regard to the Sit Stat Report at issue in this action, Compl. ¶ 20 (describing Sit Stat reports), that Defendant BLM will withhold information provided from Plaintiff's agents, employees, and volunteers but release information that comes directly from federal, state, and local law enforcement. The Parties' agreement on the treatment of the Sit Sat Report shall be consistent with the redacted copies furnished by Defendants to Plaintiff on October 6, 2020.

12. Defendants agree, as long as the information contained in the Sit Sat Report remains consistent with the particular Sit Sat Report at issue in this case, that they shall continue to make redactions of confidential information contained therein in response to requests under the FOIA, in accordance with this Stipulation and to the extent it is consistent with any changes to the FOIA or development of applicable case law.

**Gross Revenue Report**

13. The Parties further agree that with regard to the Gross Revenue Report, *id.* ¶ 17, that Defendants will withhold the "quantity" and "amount" fields of the report, except that they will release those amounts in the "Total" "BLM 3% Fee" and "Amount Due" entries. The remainder of the Gross Revenue Report will be unredacted, except for four descriptive entries in the "Other" revenue category (as set forth in a redacted document Defendants sent to Plaintiff on October 8, 2020), that the Plaintiff maintains contain confidential financial information under Exemption 4 of the FOIA.

14. Defendants agree, as long as the information contained in the Gross Revenue Report remains consistent with the particular Gross Revenue Report at issue in this case, that they shall continue to make redactions of confidential information contained therein when the report is requested under the FOIA, in accordance with this Stipulation.

**Protocol**

15. The Parties agree to the following protocol:

STIPULATION RE: SETTLEMENT AND DISMISSAL WITH PREJUDICE AND ORDER
4:20-cv-02464-HSG

a. Plaintiff will select a document of a type that it submits to the Bureau of Land Management ("BLM") on a yearly basis and send an example of that document to counsel for BLM for review.

b. Counsel for BLM shall have ten business days to review the document and respond to counsel for the Plaintiff with any FOIA-related questions or concerns raised by the document.

c. Within ten business days of Plaintiff's response to issues raised by BLM, counsel for BLM shall provide to the BLM FOIA Office a written statement on the general applicability of Exemption 4 of the FOIA to the document in question, which the Parties agree constitutes attorney work product.

d. At Plaintiff's option, the protocol will repeat until the following types of documents have been reviewed:

| **Confidential Record** | **Description** |
| --- | --- |
| Operations Plan | Record consisting of Burning Man Project's operations and contingency plans detailing the production of the Burning Man Event ("Event") |
| Burning Man Project's After Action Review | Record containing Burning Man's Project's retrospective assessment of the implementation of the Operations Plan for a particular Event |
| Sit Stat Reports | Record created daily during an Event to summarize key operational and public safety details. |
| Gross Revenue Report | Financial Record summarizing revenue generated from an annual Event |
| Event Production Contracts and Reports | Contracts between Burning Man Project and third-party providers hired to help produce an Event and reports of Event production vendors |
| Outside Services Contracts and Annual Report | Contracts between Burning Man Project and third-party providers that serve Event participants through Burning Man Project's Outside Services ("OSS") program; annual report prepared by Burning Man Project regarding the financial operations of providers at the Event |
| Event Population Reports | Records of Event population from Burning Man's Population Reporting and Metrics ("PRAM") system. |

STIPULATION RE: SETTLEMENT AND DISMISSAL WITH PREJUDICE AND ORDER
4:20-cv-02464-HSG

e. Deadlines noted above will be tolled for up to 60 days in the case of extended leave by counsel for BLM. Tolling will commence on April 5, 2021. Counsel for BLM shall promptly notify Plaintiff's counsel of any extended leave

f. Subject to the same protocol set forth in section 15(a)-(d), upon written request from the Plaintiff to BLM counsel, up to five (5) additional documents not identified in Section 15(d) but which Plaintiff contends are confidential and subject to Exemption 4 of the FOIA may be reviewed.

DATED: November 18, 2020

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

 /s/ Kimberly A. Robinson
KIMBERLY A. ROBINSON
Assistant United States Attorney
Attorneys for United States
Department of the Interior et al.

DATED: November 18, 2020

 /s/ David S. Levin
DAVID S. LEVIN
Attorney for Plaintiff Burning Man Project

STIPULATION RE: SETTLEMENT AND DISMISSAL WITH PREJUDICE AND ORDER
4:20-cv-02464-HSG

ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: 11/19/2020

_____
Honorable Haywood S. Gilliam, Jr.